IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rohlig USA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-4544 |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| Metro Décor, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant InterDesign Inc.'s motion to dismiss Plaintiff Rohlig USA, LLC's complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the reasons that follow, the Court denies the motion [41] at this time without prejudice to filing a renewed motion after the conclusion of jurisdictional discovery. The Court sets a deadline of 90 days from the entry of this order for the parties to complete jurisdictional discovery as outlined below. The Court refers supervision of jurisdictional discovery to the Magistrate Judge, who shall have the authority to extend the deadline for jurisdictional discovery if appropriate.

## STATEMENT

The Court believes that jurisdictional discovery into issues related to personal jurisdiction would simplify the current proceedings. Plaintiff's primary argument that the Court has personal jurisdiction over InterDesign is that its subsidiaries' contacts should be imputed to it through piercing of the corporate veil. If Plaintiff is correct, the Court possesses personal jurisdiction over InterDesign. *Old Orchard Urban Limited Partnership v. Harry Rosen, Inc.*, 904 N.E.2d 1050, 1061 (Ill. App. 2009) ("[A]lthough the law of the state of incorporation applies when a party seeks to substantively pierce a corporation's veil, Illinois law governs the analysis where a party uses

veil piercing to establish personal jurisdiction."); *see also City of Chicago v. Equte LLC*, 693 F. Supp. 3d 879, 892 n.6 (N.D. Ill. 2023) (same). However, InterDesign denies owning the at-issue subsidiaries at the relevant time, which, if true, would undermine Plaintiff's attempt to pierce the veil. And if InterDesign did own those subsidiaries at the relevant time, jurisdictional discovery would allow the Plaintiff to discover additional facts that could support piercing the corporate veil under Illinois law. As such, the Court denies InterDesign's motion to dismiss on the basis of a lack of personal jurisdiction without prejudice to renewal after the conclusion of jurisdictional discovery into (1) the ownership of the at-issue subsidiaries at the relevant time and (2) information relevant to the question of veil piercing under Illinois law.

In addition, given the current briefing, the Court is not in the position to rule on the merits of InterDesign's motion to dismiss for failure to state a claim. InterDesign argues, in large part, that Plaintiff has alleged insufficient facts to pierce the corporate veil under Illinois law. However, under Illinois law, courts look to the state of the entity that is subject to a veil-piercing argument to determine whether the veil can be pierced as a substantive, rather than jurisdictional, matter. *On Command Video Corp. v. Roti*, 705 F.3d 267, 272 (7th Cir. 2013) ("[V]eil-piercing claims are governed by the law of the state of the corporation whose veil is sought to be pierced." (applying Illinois law)). Here, where no Defendant is organized under the law of Illinois, InterDesign's argument for dismissal fails to provide relevant law and the Court will not endeavor to construct an argument under the appropriate law. *Sullers v. Int'l Union Elevator Constructors, Loc. 2*, 141 F.4th 890, 895 (7th Cir. 2025) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." (cleaned up)).

2

Accordingly, InterDesign may renew this argument after the close of jurisdictional discovery but should do so with citation to the law that applies[1] to this dispute.

**SO ORDERED.**  ENTERED: July 22, 2025

_____
**JORGE L. ALONSO**
**United States District Judge**

---

[1] Without the benefit of presentation from the parties, the Court believes that Ohio law applies to this issue.